**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                No. CV 11-0149 JP/ACT
                                                    CR 09-0860 JP

JIMMIE LARGO,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant's Opposed Motion To Clarify And Reconsideration Of Petitioner's Pro Se Motion For Appointment Of Counsel (CV Doc. 22) ("motion to reconsider"). Defendant asks the Court to reconsider its order denying appointment of counsel (Doc. 19), to appoint counsel, and to grant Defendant's Motion To Withdraw As Counsel Of Record Without Substitution (CV Doc. 7) ("motion to withdraw"). Upon review of the record the Court will deny the motion to reconsider and will grant the motion to withdraw.

      Defendant does not assert error in the Court's order denying appointment of counsel. He simply asks that counsel be appointed "due to the complexities involved in [his] claims," and because "[h]e remains incarcerated with significant physical disabilities and speaks Navajo as his primary language." Plaintiff's response (CV Doc. 25) to the motion argues, without citation to authority, that counsel "should have to stand before this Court and defend the bases raised in the petition . . . in that all of grounds advanced lack merit, and lack any support in the law and in the facts."

In a habeas corpus proceeding, "[u]ntil the judge decides to hold a hearing, he has discretion over whether to appoint counsel." *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir. 1993), *quoted in Swazo v. Warden*, 23 F.3d 332, 334 (10th Cir. 1994). At this point in the proceeding, Defendant's claims (however meritorious) appear to have been adequately presented by retained counsel. The Court will be better able to evaluate Plaintiff's argument about the merits when an answer brief has been filed. The Court will give further consideration to Defendant's grounds for appointment of counsel after Plaintiff files its answer brief and will "appoint counsel in [this] habeas case when 'the interests of justice so require.' " *Washington v. United States*, No. 99-3383, 2000 WL 985885, at *1 (10th Cir. July 18, 2000) (quoting 18 U.S.C. § 3006A(2)(B)).

As to the motion to withdraw (CV Doc. 7), Defendant has recently submitted the signed affidavit (CV Doc. 20) that is referenced in the motion. The motion does not propose substituting counsel but states that Defendant "intends to appear *pro se*, until such time the Court may appoint counsel on his behalf." Defendant's affidavit also states that he is aware that his retained counsel "would not represent me on the merits of the petition, and I was responsible for seeking appointment of counsel." The Court notes that Plaintiff did not file a response to the motion to withdraw, although it now appears to oppose withdrawal. Because Defendant's delay in filing the affidavit was the only hindrance to granting the motion to withdraw, *see* CV Doc. 9, the motion will be granted.

IT IS THEREFORE ORDERED that Defendant's Motion To Withdraw As Counsel Of Record Without Substitution (CV Doc. 7) is GRANTED, and Defendant will appear pro se unless new counsel is retained or appointed;

IT IS FURTHER ORDERED that Defendant's Opposed Motion To Clarify And Reconsideration Of Petitioner's Pro Se Motion For Appointment Of Counsel (CV Doc. 22) is DENIED;

IT IS FURTHER ORDERED that Plaintiff is directed to file its answer to Defendant's § 2255 motion within thirty (30) days from entry of this Order.

_____
UNITED STATES DISTRICT JUDGE